# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

**LAURENCE THOMAS BETHLEY**                    **CIVIL ACTION NO.**

**VERSUS**                                     **17-649-JWD-EWD**

**STEPHEN WRIGHT, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 3, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**LAURENCE THOMAS BETHLEY**                    **CIVIL ACTION NO.**

**VERSUS**                                     **17-649-JWD-EWD**

**STEPHEN WRIGHT, ET AL.**

## RECOMMENDATION TO DISMISS WITHOUT PRJUDICE

For the reasons set forth herein, the undersigned recommends that the Plaintiff's claims against Stephen and Jillian Wright only be dismissed for failure to timely serve these defendants, pursuant to Local Civil Rule 41(b)(1)(A).

The undersigned further recommends that the Order of Dismissal provide, pursuant to Local Civil Rule 41(b)(3), that reinstatement of Plaintiff's claims against Stephen and Jillian Wright within thirty days shall be permitted upon a showing of good cause by the Plaintiff.

### I.       Background

On January 17, 2018, this Court ordered Plaintiff to show cause why the claims against Stephen and Jillian Wright should not be dismissed pursuant to Local Civil Rules 41(b)(1)(A) and/or (B).[1]  The Court explained that Stephen and Jillian Wright had not made an appearance in this matter, no service information was contained in the record regarding Stephen and Jillian Wright and no default judgement had been timely sought.[2]  Alternatively, the Court advised that Plaintiff could file a motion for clerk's entry of default as to Stephen and Jillian Wright with appropriate proof of service in lieu of appearing for the show cause hearing.[3]

---

[1] R. Doc. 8.

[2] R. Doc. 8.

[3] R. Doc. 8.

A show cause hearing was held before the undersigned on January 31, 2018. During the hearing, counsel for Plaintiff advised that a waiver of service had been sent to Stephen and Jillian Wright and counsel for Plaintiff requested additional time to perfect service and provide service information.[4] Counsel for the defendant did not object.[5] The Court ordered Plaintiff to file service information into the record regarding Stephen and Jillian Wright within forty-five days and advised that failure to timely file appropriate service information with regard to Stephen and Jillian Wright could result in dismissal of Plaintiff's claims against those defendants without further notice from the Court.[6]

On March 9, 2018, Plaintiff filed a Response to Order to Show Cause Why Stephen and Jillian Wright Have Not Made An Appearance and No Judgment of Default Has Been Timely Sought.[7] Therein, Plaintiff explained that although Plaintiff had sent Stephen and Jillian Wright requests to waive service, the Wrights had failed to return signed waivers to the Plaintiff.[8] Plaintiff represented that "[u]nder Federal Rule of Civil Procedure 4(c)(3) Plaintiff has contacted the U.S. Marshal's office for the Middle District and is in the process of filing the US Form 285 to have on [sic] Stephen Wright and Jillian Wright properly summoned to appear."[9]

## II.    Analysis

A district court may dismiss an action for failure to prosecute with or without notice to the parties, incident to its inherent powers.[10] Pursuant to FRCP 4(c)(1), "The plaintiff is responsible

---

[4] *See*, R. Doc. 10.

[5] *See*, R. Doc. 10.

[6] R. Doc. 10.

[7] R. Doc. 11.

[8] R. Doc. 11, ¶ 2.

[9] R. Doc. 11, ¶ 3.

[10] *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir. 1982).

2

for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." FRCP 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Pursuant to this Court's local rules, a civil action may be dismissed for lack of prosecution "[w]here no service of process has been made within 120 days after filing of the complaint."[11] The rule additionally provides, in part, that "[p]rior to issuance of a dismissal, notice shall be sent to the plaintiff, and plaintiff shall be allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act. If no response is received within the allotted time, the Court may dismiss the civil action."[12] Dismissal pursuant to the rule is required to be without prejudice, and the Order of Dismissal must "allow for reinstatement of the action within thirty days for good cause shown."[13]

Plaintiff filed his Petition for Damages in state court on August 4, 2017 against Stephen and Jillian Wright, as well as Pure Insurance Company ("Pure").[14] Although Plaintiff requested service on Pure at that time, Plaintiff did not request service on Stephen and Jillian Wright. Pure removed this suit on September 15, 2017.[15] Over 300 days have elapsed since removal.[16]

---

[11] Local Civil Rule 41(b)(1)(A).

[12] Local Civil Rule 41(b)(2).

[13] Local Civil Rule 41(b)(3).

[14] R. Doc. 1-1, p. 1.

[15] R. Doc. 1.

[16] The Court recently noted that "[s]everal district courts in the Fifth Circuit have held that the 90-day deadline to serve a defendant who was not served in state court commences at the time of removal, not when the state court petition was filed." *Lantz v. State Farm Mutual Auto. Ins. Co.*, Civil Action No. 16-318, 2017 WL 662989, at * 4, n. 4 (M.D. La. Feb. 2, 2017) (collecting cases).

3

Although Plaintiff represented to the Court almost five months ago that he was in the process of having Stephen and Jillian Wright served *via* the U.S. Marshal, review of the docket indicates that Plaintiff has failed to even request summons be issued for these defendants. Plaintiff's deadline to file service information into the record regarding these defendants was previously extended through March 17, 2018. However, no service information for these defendants has been filed into the record. Finally, Plaintiff was previously advised that failure to timely file appropriate service information with regard to Stephen and Jillian Wright could result in dismissal of Plaintiff's claims against those defendants without further notice from the Court.[17]

In light of Plaintiff's failure to file any service information regarding Stephen and Jillian Wright into the record, the undersigned **RECOMMENDS** that the Plaintiff's claims against Stephen and Jillian Wright only be dismissed for failure to timely serve these defendants, pursuant to Local Civil Rule 41(b)(1)(A).

The undersigned further **RECOMMENDS** that the Order of Dismissal provide, pursuant to Local Civil Rule 41(b)(3), that reinstatement of Plaintiff's claims against Stephen and Jillian Wright within thirty days shall be permitted upon a showing of good cause by the Plaintiff.

Signed in Baton Rouge, Louisiana, on August 3, 2018.


**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[17] R. Doc. 10.